UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KONG SUN HERNANDEZ,<br><br>　　　　　Defendant. | Case No. CR04-0080L<br><br>ORDER ON LIMITED REMAND TO STATE REASONS FOR DENIAL OF MOTION FOR BAIL PENDING APPEAL |

　　　This matter comes before the Court on limited remand from the United States Court of Appeals for the Ninth Circuit. <u>United States v. Kong Sun Hernandez</u>, No. 05-30633 (Order of May 15, 2006). This Court is requested to "state, orally, or in writing, the reasons for its April 20, 2006 order denying appellant's motion for bail pending appeal" pursuant to the requirements of Rule 9 of the Federal Rules of Appellate Procedure. Fed. R. App. P. 9(b) ("Both the order and the review are subject to Rule 9(a)"). The reasons follow.

　　　On December 16, 2005, Kong Sun Hernandez was sentenced to six months imprisonment after pleading guilty to transportation in furtherance of prostitution in violation of 18 U.S.C. §

ORDER ON LIMITED REMAND
TO STATE REASONS FOR
DENIAL OF MOTION FOR BAIL
PENDING APPEAL

1  2421. On January 13, 2006, a week prior to Hernandez's scheduled surrender date, she submitted an "emergency" motion to stay the surrender date in order to allow her to participate in her deportation hearings. The government responded to note that the immigration proceedings would be stayed for the course of Hernandez's imprisonment, but otherwise took no position on the requested stay. The Court granted the stay. On April 4, 2006, Hernandez submitted a motion to extend the stay, this time pursuant to the release-pending-appeal provisions of 18 U.S.C. § 3143. The Court denied this motion because it does not raise a substantial question of law likely to result either in a sentence that does not include a term of imprisonment or in a reduced term of imprisonment less than the total time already served plus the expected duration of the appeal process. See 18 U.S.C. § 3143(b)(1)(B)(iii), (iv).

On September 14, 2005, Kong Sun Hernandez entered into a plea agreement with the government (Dkt. # 93). The agreement included an "Agreed Sentence" provision pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 11(c)(1)(C) ("If the defendant pleads guilty . . . to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case."). In her plea agreement, Hernandez "acknowledge[d] and agree[d] that the appropriate sentence of imprisonment to be imposed by the Court at the time of sentencing is a sentencing range of zero (0) to twelve (12) months." Agreement at 7. The Court sentenced Hernandez to six months imprisonment, in the middle of her agreed-upon sentencing range. Hernandez appealed this sentence.

The Court must order Hernandez to be detained pending her appeal unless it finds:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released;
(2) that the appeal is not for the purpose of delay;
(3) that the appeal raises a substantial question of law or fact; and
(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in [a factor listed in 18 U.S.C. § 3143(b)(1)(B).]

ORDER ON LIMITED REMAND
TO STATE REASONS FOR
DENIAL OF MOTION FOR BAIL
PENDING APPEAL

United States v. Wheeler, 795 F.2d 839, 840 (9th Cir. 1986). The third prong is satisfied if this Court concludes that the question raised "is fairly debatable or fairly doubtful." Id. The fourth prong is satisfied if the favorable resolution of the substantial question will result in "(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B). Hernandez argues both that the favorable resolution will result in a sentence that does not include imprisonment, or that the length of the appellate process will exceed the length of her sentence, eliminating her potential remedy.

Hernandez has failed to show that any legal question relevant to her appeal is either debatable or doubtful. The statutory maximum sentence available for the crime of transportation in furtherance of prostitution is ten years imprisonment. 18 U.S.C. § 2421. The presentence report assessed a total offense level of 12 and a criminal history category of II, yielding a sentencing range of 12 to 18 months imprisonment under the United States Sentencing Guidelines. At Hernandez's sentencing hearing, the Court considered the guidelines sentencing range together with other factors set forth in § 3553(a) of title 18 of the United States Code. United States v. Booker, 543 U.S. 220, 259–60 (2005). The Court chose a term of imprisonment below the guidelines range and squarely in the middle of the sentencing range that Hernandez stipulated to in her plea agreement.

The Court is unaware of any legitimate basis for Hernandez's appeal, and Hernandez offers none. Hernandez only states that the "parties had a significant dispute about whether or not Ms. Hernandez should be sentenced to a term of incarceration." This argument contradicts Hernandez's prior agreement to a sentence of imprisonment for as much as a year. In light of the support for the reasonableness of Hernandez's sentence, and in the absence of any showing of a debatable or doubtful legal issue for appeal, the Court previously denied Hernandez's

ORDER ON LIMITED REMAND
TO STATE REASONS FOR
DENIAL OF MOTION FOR BAIL
PENDING APPEAL

1   motion for continued release pending appeal.

3     DATED this 23rd day of May, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER ON LIMITED REMAND
TO STATE REASONS FOR
DENIAL OF MOTION FOR BAIL
PENDING APPEAL